SCOTT J. SAGARIA (BAR # 217981)
SCOTT M. JOHNSON (BAR # 287182)
SAGARIA LAW, P.C.
3017 Douglas Boulevard, Suite 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>JAMIE MACIAS-NGUYEN,<br><br>　　　　　　Debtor.<br><br>―――――――――――――――<br><br>JASON BARNES,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>JAMIE MACIAS-NGUYEN<br><br>　　　　　　Defendants, | Case No.: 17-52896 MEH 7<br><br>Chapter 7<br><br>Adversary No. 18-05019<br><br>**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT**<br><br>Date:　　July 9, 2018<br>Time:　　11:00am<br>Location: U.S. Bankruptcy Court<br>　　　　　280 S. First Street, San Jose, CA<br>Crtrm:　　3020<br>Judge:　　Hon. M. Elaine Hammond |

　　　　Defendant Jamie Macias-Nguyen (hereinafter "Defendant") files this reply in response to the Response filed by Plaintiff Jason Barnes (hereinafter "Plaintiff") to the Motion to Dismiss Adversary Case filed by Defendant on June 5, 2018.

　　//

　　//

　　//

REPLY-1

In his response, Plaintiff plainly demonstrates that 1) Plaintiff's complaint failed to state a cognizable claim under Section 727 or 523 of the Bankruptcy Code and 2) Plaintiff will be unable to remedy that defect through the filing of an amended complaint. Defendant took great lengths in her Motion to Dismiss to address the deficiencies in Plaintiff's complaint, the failure of Plaintiff to state a claim for relief, and the failure of the Plaintiff to articulate the fraud he is required to allege under the theories of liability upon which Defendant assumes Plaintiff seeks relief. Plaintiff has failed to address this arguments and the complaint should be dismissed with prejudice.

In his response, Plaintiff merely articulates statements, most of which are not germane to this adversary case or Defendant's bankruptcy case, which, when taken as a whole, do not state a claim for relief under Section 727 or 523. Furthermore, the main thrust of Plaintiff's response is not that he can remedy the defaults in his complaint, but rather that this court should order the United States Trustee to investigate his claims in this case and the cases that Plaintiff deems "related." Plaintiff makes this request despite the fact that the United States Trustee was already given the opportunity to look at Defendant's bankruptcy case (and the related cases), her panel and standing trustee's have examined Defendant's bankruptcy filing and financial documents, and, through the insistence of Plaintiff, have analyzed the claims Plaintiff raises here. The United States Trustee declined the opportunity to file her own motion to dismiss or 727 complaint in this case and the "related" cases and the deadline to do so has passed. The court should decline Plaintiff's request to have the United States Trustee spend her limited resources doing Plaintiff's bidding.

Defendant's counsel is also aware that Plaintiff is self-represented in this case and in the other adversary proceedings he has filed in this court and the Court may be inclined to give pro se Plaintiff's more liberty in amending pleadings and making arguments. Defendant asks that this Court decline to do so in this case. Plaintiff has filed several complaints and motions in this case and adversary proceeding and the bankruptcy case and adversary proceeding filed against Debtor's ex-spouse. The pleadings in that case and this case are substantially similar. Plaintiff has demonstrated an inability to comply with deadlines set by the court in the related

case and most recently missed the first status conference in the related adversary proceeding, prompting the court to issue an order to show cause. Plaintiff has not demonstrated that he will not pursue a similar course in this case.

While courts should generally give a Plaintiff liberal leave to amend the pleadings, "liberality in granting leave to amend is subject to several limitations." <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." <u>Cafasso v. Gen. Dynamics C4 Sys.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011). Here, Plaintiff has failed to articulate a claim upon which this court may grant relief and he has failed to state how he could amend the pleadings to do so. Many of the claims Plaintiff has made are not relevant to this case and are, generally speaking, complaints that an individual who is obligated on a debt may claim bankruptcy protection and seek to discharge that debt. Amendment of the pleadings would be futile. It would also be at expense to Defendant and further delay her discharge and fresh start. Lastly, Plaintiff's request that the United States Trustee intervene to do the investigation that he is unwilling to do here should evidence Plaintiff's bad faith and effort to delay. For these reasons, Defendant requests that the complaint be dismissed without leave to amend.

Dated: July 2, 2018         */s/ Scott M. Johnson*
                            Scott M. Johnson, Esq.
                            Attorney for Debtors/Defendants

REPLY-3

Case: 18-05019    Doc# 13    Filed: 07/03/18    Entered: 07/03/18 14:17:27    Page 3 of 3