Jason Barnes
2706 Benton Street
Santa Clara, CA 95051
Phone 408 987 1041

Plaintiff In Pro Per Creditor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BARNES,<br><br>   Creditor,<br><br>  V.<br><br>JAMIE MACIAS;<br><br>   Chapter 7 Debtor. | CASE NO. 5:17-bk-52896<br><br>ADVERSARY NO. 18-05019<br><br>**CREDITOR JASON BARNES' OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>DATE: **SEPTEMBER 25, 2018**<br>TIME: **11:00AM**<br>DEPT: **US BANKRUPTCY COURT**<br>**280 S. FIRST STREET, SAN JOSE, CA**<br>**COURTROOM 3020**<br><br>HON. **M. ELAINE HAMMOND** |

## INTRODUCTION

This motion continues to mis-state the facts and seeks to add documents with purported facts outside of the four corners of the complaint without making a proper request for judicial notice. It also erroneously attacks a Section 523 claim that this Court has already and previously indicated survives a Motion to Dismiss. Finally, it attacks a Section 727 Claim that clearly relates back to the original timely filed Complaint. For these reasons, Debtor Macias's Motion should be denied.

-1-

JASON BARNES' OPPOSITION TO 2ND MOTION TO DISMISS (5:17-BK-52896)
Case: 18-05019    Doc# 21    Filed: 09/11/18    Entered: 09/11/18 17:57:51    Page 1 of 9

# FACTS

The motion to dismiss had new information that was never disclosed before, which should allow Plaintiff to amend the complaint again.

- There were two loan agreements that included security for protecting the debt from bankruptcy.
- The $75,000 loan had a term of two months and when the funds were not returned, Plaintiff was forced to file the State court civil complaint on 3/17/15.
- The parties in that civil case attended an early settlement conference on 1/9/17 agreeing to settle the matter which would globally resolve all the issues that were in dispute. A tentative agreement was drafted by the attorney representing the Defendants and that was signed by the attorney, Jamie Macias, Anthony Nguyen and Plaintiff Jason Barnes.
- The date defendant Macias filed and served the petition for dissolution of marriage with the summons issued by the Family court were served on Anthony Nguyen 11/10/16 which preceded the Civil case early settlement conference.
- The Marital settlement agreement states that the debt obligation for the $60,000 and $75,000 loans owed to James Barnes were assigned to Anthony Nguyen.

Plaintiff is not James Barnes, he is Jason Barnes.

- Is that an innocent mistake or is there another creditor we don't know about?
- Does that void the marital agreement?
- Does Macias need to go back to Family court to cure this defect?
- Should spousal support be ordered or child support be modified by the Family court?
- Is the January 9, 2017 settlement agreement for the civil case and enforceable contract?

Before anything in the Bankruptcy code can be applied to these debtors, shouldn't they be sent back to Family court to have orders requested in the marital agreement along with their financial disclosures reviewed by the Family court again?

Contrary to what the Debtor says in her Motion, my Adversarial Action seeks to except from the discharge, debt created by two loans and related interest owed; a $ 60,000 debt and a $ 75,000 debt. I loaned the Debtor's husband $ 60,000 while the two were married, and loaned them both $ 75,000 through a loan document they both signed.

The First Amended Complaint indicates that I was convinced to make the loans based on fraud and misrepresentations. It specifically lists a number of acts and omissions that constitute the fraud and misrepresentation.

The First Amended Complaint also indicates the specific acts and omissions that constitute misrepresentations in the context of the Debtor's Bankruptcy filings.

The First Amended Complaint also alleges Debtor Macias: 1) pledged as loan security to me (Mr. Barnes) stock that she has sold and kept the proceeds for instead of paying those proceeds to me; 2) has failed to pay me any portion of the loan she received from me; 3) has a history of selling the stock and not paying me out of those proceeds; 4) will continue to exercise stock options for the stock that is to be collateral the loan I made; 5) will continue to sell stock in which she vests and not turn the proceeds over to me or otherwise pay back the loan; 6) seeks to exempt her stock from counting as an asset in the Bankruptcy; and 7) has listed as her largest debt her debt to me and that the debt to me is a non-consumer secured debt.

## I. MY COMPLAINT IS DETAILED ENOUGH TO SURVIVE THE MOTION

### A. MY ALLEGATIONS MEED THE MOTION TO DISMISS STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." (Bell Atlantic. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (Bell Atlantic Corp., 550 U.S. supra at 556-557.)

The plausibility standard is not akin to a "probability requirement." A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable. (Bell Atl. Corp, 550 U.S. supra at 555–556.)

Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief." (Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).)

As the Debtor admits, at this stage the Court must assume that all factual allegations stated are true, must draw all reasonable inferences in the light most favorable to me. Also, the Court must treat all general allegations as embracing those specific facts that are necessary to support the claim." (Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889, 110 S.Ct. 3177 (1990), citing Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957), overruled on other grounds at Bell Atlantic Corp., 550 U.S. supra.)

Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. (Id.; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992 (2002).) Under this standard, the Debtor's motion should be denied in its entirety, or in the alternative I should be granted leave to amend.

**B. THE DEBTOR'S ADDITIONAL ALLEGED "FACTS" SHOULD NOT BE CONSIDERED IN THE CONTEXT OF THE MOTION TO DISMISS**

Debtor Macias seeks to introduced irrelevant allegations that go beyond the four corners of the First Amended Complaint. I object to Debtor Macias' efforts.

It is not proper for Macias to allege what I believe or what my understanding of things was regarding her and Mr. Nguyen's promise of employment. To consider such statements are far more prejudicial than probative, and improper in the context of the Motion to Dismiss standard, where all well plead allegations in my First Amended Complaint are taken as true and all inferences are drawn in my favor. (See Section II below and Federal Rules of Evidence Rule 403.).

For Debtor Macias to argue that she does not owe me anything because the divorce proceedings ended with an agreement between her and Mr. Nguyen that Nguyen would be responsible for paying ALL of my debt is ridiculous on a number of levels. For example, Debtor Macias makes no effort to authenticate or request that the Court take judicial notice of the document that purports to reflect that agreement. That agreement should also be taken into context of Debtor Macias' repeated offers to pay me to settle the case – notably the settlement agreement she entered into while in State Court and represented by an attorney. Moreover, California Family Code makes clear that the agreement between Debtor Macias and Mr. Nguyen has no impact on her debt to me:

-4-
JASON BARNES' OPPOSITION TO 2ND MOTION TO DISMISS (5:17-BK-52896)
Case: 18-05019    Doc# 21    Filed: 09/11/18    Entered: 09/11/18 17:57:51    Page 4 of 9

Family Code 916. (a) Notwithstanding any other provision of this chapter, after division of community and quasi-community property pursuant to Division 7 (commencing with Section 2500): (1) The separate property owned by a married person at the time of the division and the property received by the person in the division is liable for a debt incurred by the person before or during marriage and the person is personally liable for the debt, whether or not the debt was assigned for payment by the person's spouse in the division.

### C. THE DEBTOR'S ADDITIONAL ALLEGED "FACTS" IS CAUSE PROMPTING THE COURT TO ORDER AN ACCOUNTING AND CONTINUE THE MOTION TO DISMISS

As set forth in this Section below, the Court should order Debtor Macias to provide an accounting of what happened to the money Plaintiff loaned her and Mr. Nguyen. If an insufficient accounting is provided, the Court should dismiss Debtor Macias' Bankruptcy Petition or at least make the debt owed to Plaintiff non-dischargeable.

California Family Code 723(b)(3) requires that in a divorce each spouse must account to the spouse, and holding as a trustee, any benefit or profit derived from any transaction by one spouse without the consent of the other spouse that concerns the community property.

California Family Code 2104 provides in divorce proceedings that each spouse disclose to the other:

(1) The identity of all assets in which the declarant has or may have an interest and all liabilities for which the declarant is or may be liable, regardless of the characterization of the asset or liability as community, quasi-community, or separate.

(2) The declarant's percentage of ownership in each asset and percentage of obligation for each liability when property is not solely owned by one or both of the parties. The preliminary declaration may also set forth the declarant's characterization of each asset or liability.

This is done in part to preserve all community and quasi-community debts. (California Family Code 2100(a)-(c):

(c) In order to promote this public policy, a full and accurate disclosure of all assets and liabilities in which one or both parties have or may have an interest must be made in the

early stages of a proceeding for dissolution of marriage or legal separation of the parties, regardless of the characterization as community or separate, together with a disclosure of all income and expenses of the parties. Moreover, each party has a continuing duty to immediately, fully, and accurately update and augment that disclosure to the extent there have been any material changes so that at the time the parties enter into an agreement for the resolution of any of these issues, or at the time of trial on these issues, each party will have a full and complete knowledge of the relevant underlying facts.

See also California Family Code 2102.

Debtor Macias has filed a verified declaration with the bankruptcy court stating that she was separated from Nguyen on July 1, 2015. But this was not a legally recognized separation. If that was the case, she would have had to file FL140 prior to that date and declare the debts owed by the community and assets held by the community and if appropriate, separate property owned by one of the spouses.

Whether in the divorce proceedings generally, or in the context of a legal separation, Debtor Macia's debt obligations would have showed both the loans made to me and what debts and assets belonged to the community. The assets declarations would have had to show CC Inc assets, CCBH&C assets and Palo Alto Networks stock assets. Instructions 4, 5 and 6 on the relevant Forms would be very difficult for Macias to answer if the separation date of July 1, 2015 is removed. That's a problem for Macias since the dissolution process is the same as the separation process. Both require this filing to get a judgment. The community concealed their Family Court filings from Plaintiff for over two years to hinder and delay the recovery of the funds that were owed to Plaintiff.

In short, Debtor Macias' placing her divorce and the assets and debt shifting in that context has opened the door to us examining the details of that asset and debt shifting.

Accordingly, the Court should order Debtor Macias to provide an accounting of what happened to the money Plaintiff loaned her and Mr. Nguyen. If an insufficient accounting is provided, the Court should dismiss Debtor Macias' Bankruptcy Petition or at least make the debt owed to Plaintiff non-dischargeable.

II. **THE COURT HAS ALREADY CONCLUDED THAT PLAINTIFF HAS STATED A CLAIM FOR RELIEF UNDER SECTION 523.**

Debtor Macias' original Motion to Dismiss was overruled by the Court as to my Section 523 claim. The Court's order relating to this cited Paragraphs in my Complaint supporting my legal claim. Those allegations remain unchanged in my First Amended Complaint.

### III. THE 727 CLAIM IS TIMELY BECAUSE IT RELATES BACK TO THE FILING OF MY ORIGINAL COMPLAINT.

The relation back doctrine provides that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts claims which arose out of the same conduct, transaction, or occurrence set out in the original pleading. (FRCP Rule 15(c); FRBP Rule 7015; FRBP Rule 7007.) My original Complaint included a California cause of action for Uniform Fraudulent Transfers, which has the same basic legal and factual elements pled as the Section 727 Cause of Action in my First Amended Complaint.

The Defendant has introduced evidence that was filed in Family Court in which an agreement to divide the property and debt which was a fair distribution of those assets and debt obligations should be ordered by the Court.

Changing the community property into separate property is allowed in the Family code under section 850 "Transmutation". In section 851, we see that the Family code again points us back to the Civil code by stating that a transmutation is subject to the fraudulent transfer laws of the State of California.

> CHAPTER 5. Transmutation of Property [Family Code Sections 850 - 853]
>
> 850.
>
> Subject to Sections 851 to 853, inclusive, married persons may by agreement or transfer, with or without consideration, do any of the following:
> (a) Transmute community property to separate property of either spouse.
> (b) Transmute separate property of either spouse to community property.
> (c) Transmute separate property of one spouse to separate property of the other spouse.
>
> 851.
> A transmutation is subject to the laws governing fraudulent transfers.

## Summary

This court has already acknowledged that Plaintiff 523 claim survives a motion to dismiss which should have triggered an answer by Defendant Macias not another motion to

-7-
JASON BARNES' OPPOSITION TO 2ND MOTION TO DISMISS (5:17-BK-52896)
Case: 18-05019   Doc# 21   Filed: 09/11/18   Entered: 09/11/18 17:57:51   Page 7 of 9

dismiss.

The latest motion before the court contains a document that was filed by the Debtor in Family Court, a Court which holds jurisdiction over matters decided in that Court. That document is the marital settlement agreement.

In the marital settlement agreement, Macias was to receive all of the benefits from the marriage (401K and company stock) and ex-husband Nguyen was assigned the debt owed to *James Barnes*.

***Plaintiff is Jason Barnes not James Barnes, which is obviously NOT a popper assignment of Macias' debt to me.*** This causes a big problem for Macias.

If the marital settlement agreement has a defect by mistake and the Family court retained jurisdiction over the matter and correcting the defect would require filing an amended judgment in Family court.

If the Defendant Macias is going to amend the judgment in the Family court, Macias should ask to have the Family court conduct a hearing to consolidate the State Civil case with the Family court case.

How can Plaintiff know how this Court views the Family Court marriage settlement agreement filed in State court?

There are many documents that were disclosed in the State Family court related to the finances of Nguyen and Macias. Do those State court disclosures match with what was disclosed in the bankruptcy petitions? We need to know this.

Plaintiff believes we will discover many more violations of the laws defined in the Civil and Family codes while in discovery.

Plaintiff believes that this court would need a lot more information about the two active cases in State court (the Family court divorce proceedings and my case based on Macias and Nguyen's failure to pay me back) before dismissing any action in bankruptcy.

Plaintiff suggests that one way to proceed would be to lift the stay granted to the debtors and send the parties back to State court. That would allow for review of all the contracts and agreements that were made and which ones can be enforced two of those being the marital settlement agreement (reached on 5/2/17) or the civil case settlement (reached on 1/9/17).

The Civil matter was filed first and that should have been decided before the orders requested in the divorce case were issued.

- The Community had control over $135,000 that was loaned to them by Plaintiff under the terms of a contract. The community did not honor that contract.
- The Community filed paperwork to dissolve the Community which would occur at the end of a six month period.
- The Community entered into another agreement with Plaintiff to settle the Civil case but concealed the Family court case filings which filed assigned the debt to Nguyen and the assets to Macias which was filed in Family court.

This motion to dismiss should be denied or continued by motion of the court to allow for the court to evaluate the complexity of the issues raised in this filing.

## CONCLUSION

When Macias filed the dissolution of marriage she should have also notified the Family court of the pending Civil court case.

If that notice of related cases was filed, this all would have been disposed of years ago.

For the reasons set forth above, Debtor Jamie Macias-Nguyen's Motion to Dismiss should be denied in its entirety. In the alternative, Plaintiff asks the court for guidance looking forward and if appropriate, grant leave to amend the Complaint with an extended time for filing.

Dated September 11, 2018, in Santa Clara, CA

_Jason Barnes, Creditor and Plaintiff_

9/11/18