IN THE UNITED STATES DISTRICT COURT

IN THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re the Matter of<br><br>**JAMIE MACIAS-NGUYEN,**<br>             Debtor<br><br>**JASON BARNES,**<br>             Plaintiff<br><br>Versus<br><br>**JAMIE MACIAS-NGUYEN,**<br>             Defendant | ) CASE # 17-52896<br>) **Chapter 7**<br>) **Judge: M. Elaine Hammond**<br>)<br>)<br>)<br>) **Adversary Proceeding No. 18-05019**<br>)<br>)<br>) **JOINT STATUS REPORT**<br>)<br>)<br>)<br>)<br>) |

THIS JOINT STATUS REPORT is submitted by Plaintiff JASON BARNES, party in propria persona, and Debtor/Defendant Jamie Macias-Nguyen through and by her attorney of record as follows:

A. <u>THE NATURE OF THE CASE</u>

Plaintiff's statement: Plaintiff loaned Jamie Macias and her former spouse, Anthony Nguyen "Defendants" a total of $ 135,000.00 so that Defendants could expand their on-line business to a storefront location in downtown San Jose. Defendants did not use the money for the stated purpose and never intended to. The Defendants represented to the Plaintiff they would make installment payments on the $ 135,000 and interest, but never intended to do so and failed to do so. Defendants

made other promises to induce Plaintiff to make the loans, and those promises were never kept. In the context of Plaintiff's state civil case against Defendants, Defendant's attorney admitted that Defendants owed the money, and Defendants entered into a settlement agreement agreeing to pay the money back. But Defendants entered into the agreement simply to buy time and not to resolve the case; Defendants then filed for Bankruptcy. Plaintiff filed this adversary proceeding to seek judicial determination if the $135,000 debt owed to Plaintiff is dischargeable.

Defendant's statement: Defendant Jamie Macias-Nguyen does not dispute that Plaintiff loaned her now ex-husband money in the amount of $135,000.00 via two promissory notes. Defendant co-signed one of the promissory notes. Defendant denies all of the allegations with respect to alleged fraud in the making of this loan. Furthermore, Defendant was not involved in the operation of the alleged business venture operated by Defendant's ex-husband and she did not make any of the statements or provide any of the documentation alleged by Plaintiff.

B. PROGRESS IN THE SERVICE OF PROCESS

Defendant: All interested parties have been served or notified.
Plaintiff: Agreed.

C. POSSIBLE JOINDER OF ADDITIONAL PARTIES

Defendant: None

Plaintiff: Defendant's former husband Anthony Nguyen a debtor party to the $ 135,000 Plaintiff has filed an adversary action against him and believes the cases are intertwined and requests the Judge treat the cases as related cases and consolidate them. Mr. Nguyen's case is already assigned to the Judge.

D. ANY EXPECTED OR DESIRED AMENDMENT OF PLEADINGS

Defendant: None

Plaintiff: An amendment of the Complaint may be appropriate given the related cases.

E.   JURISDICTION AND VENUE

Defendant: Jurisdiction and venue are proper.

Plaintiff: Agreed.

F.   ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY

G.   **DISCOVERY SUBJECTS, COMPLETION, PHASES**:

Defendant: Defendant may seek discovery relating to the allegations in the complain including but not limited to the promissory notes at issue, email and phone records relating to conversations or exchanges made in conjunction with alleged loans. Defendant may see to depose Plaintiff.

Defendant does not anticipate that discovery will need to be completed in stages. Defendant would agree to hold discovery pending participation in an alternative dispute resolution program.

Plaintiff: Plaintiff's discovery will uncover evidence related to (a) fraud (b) conversion; (3) fraudulent transfer and other facts that render the $135,000 debt is non-dischargeable.

Prior to Defendant's Bankrutpcy filings (and their divorce), Plaintiff sued them in state court based on their failure to make any interest or principal payments on the $ 135,000.00. In that context Plaintiff sent out discovery requests and received documents and responses to interrogatories that were unverified.

H.   **LIMITATIONS OR CHANGES**:

Defendant: Defendant does not anticipate the need for any changes in the limitations imposed by the US Bankruptcy Rules or the Local Rules.

Plaintiff: Limitations or changes to the rules of discovery are not needed.

1.   **DISCLOSURE OF EXPERT WITNESSES**:

Defendant: To be completed within 90 days of trial.

Plaintiff: To be completed no later than 90 days before trial.

I. **PROPOSED DATES FOR DISCOVERY CUT-OFF**

Defendant: To be completed within 60 days of trial.

Plaintiff: To be completed no later than 60 days prior to trial.

J. ANTICIPATED MOTIONS AND THE SCHEDULING OF MOTIONS

Defendant: Defendant anticipates filing a motion for summary judgment which could be heard 30 days after the close of discovery. Defendant may also seek to have a motion for summary judgment heard prior to the close of discovery. .

Plaintiff: Plaintiff anticipates a host of motions may be needed.

Other aspects of the case may be ripe for declaratory rulings and/or a summary judgment motion.

K. FUTURE PROCEEDINGS

Defendant:

| | |
|---|---|
| Discovery Cutoff: | January 31, 2019 March 15, 2019 |
| Expert Discovery Cutoff: | |
| Disclosure: | February 28, 2019 |
| Deposition: | March 15, 2019 |
| Law and Motion Hearing Cutoff: | January 31, 2018 March 15, 2019 |
| Pre-Trial Conference: | Within 30 days of trial |
| Trial: | April 15, 2019 May 2019 |

Plaintiff:

    Discovery Cutoff: same as above

    Expert Discovery Cutoff:

        Disclosure: same as above

        Depos: same as above

    Law and Motion Hearing Cutoff: same as above

    Pretrial Conference: same as above

    Trial: same as above

L.    APPROPRIATENESS OF SPECIAL PROCEDURES

    Defendant: Defendant will stipulate to the VDRP program.

    Plaintiff: agreed

M.    ESTIMATE OF TRIAL TIME

    Defendant: Three days for a Court trial; four days for a jury trial.

    Plaintiff: One day trial

N.    MODIFICATION OF STANDARD PRE-TRIAL PROCEDURES

    Defendant: None.

    Plaintiff: Agreed.

O.    RELATED CASES

    Defendant: None.

    Plaintiff: Ex-husband Anthony Nguyen has filed for Bankruptcy Petition and Plaintiff has filed an Adversary Action against him. Viktoria Le, may have been a business partner of Defendant's, and has filed a Bankruptcy Petition.

P.  WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULE

Defendant: An early settlement conference should be scheduled.

Plaintiff: Agreed.

Q.  OTHER MATTERS

Defendant: this matter should be referred to the BDRP program.

Plaintiff: None at this time.

Dated: November 26, 2018         /s/ Jason Barnes                              .

                                 JASON BARNES

                                 Plaintiff in Propria Persona

Dated: November 26, 2018         /s/ Scott M. Johnson
                                 Scott M. Johnson, Esq.
                                 Attorney for Defendant